IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLARISSA FLINK,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RENAISSANCE ACADEMY, MARK URSIC, STEPHANIE AVERY, SHELBY DIETERS, and JOHN DOES I-V,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-cv-00678-TC<br><br>District Judge Tena Campbell |

In this employment suit, Plaintiff Clarissa Flink alleges that she was wrongfully terminated from a teaching position because she engaged in protected whistleblowing activities. After removing this case to federal court, Defendants Renaissance Academy, Mark Ursic, and Stephanie Avery[1] filed two partial motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 7 & 14.) For the following reasons, the court GRANTS the motions to dismiss.

## BACKGROUND[2]

Renaissance Academy is a public charter school in Lehi, Utah. Mr. Ursic is Renaissance's Executive Director, and Ms. Avery is the Dean of Students. Ms. Flink was a fifth-grade teacher at Renaissance from 2018 to 2019. During her employment, Ms. Flink believed that Renaissance was making unauthorized deductions from her paychecks, so she filed a wage claim with the Utah Labor Commission's Antidiscrimination and Labor Division (UALD). The

---

[1] Shelby Dieters, Renaissance's Dean of Teachers, was also named as a defendant, but Ms. Flink dismissed her from the action under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 18.)

[2] All factual allegations come from Ms. Flink's complaint. The court accepts them as true for purposes of this order. See Albers v. Bd. of Cnty. Comm'rs, 771 F.3d 697, 700 (10th Cir. 2014).

UALD administrative process ended with the agency concluding that it did not have jurisdiction over her claim.  Not only were there alleged paycheck deductions, but Ms. Flink also believed that the school was underpaying her for the 2019–2020 school year.  She raised both issues with school personnel throughout her tenure with Renaissance.

In October 2019, Ms. Avery told Ms. Flink that "things were just not working out," and she was fired.  (Compl. ¶ 22, ECF No. 2-1.)  Renaissance had never warned Ms. Flink of any performance-related or disciplinary issues, and she was not given a reason for her termination.  Believing that her termination violated the law, Ms. Flink brought this lawsuit in Utah state court in August 2021.  The Defendants timely removed the case.  (ECF No. 2.)  Now they ask the court to dismiss three of Ms. Flink's six causes of action.  (ECF Nos. 7 & 14.)[3]

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must plead facts sufficient to state a claim to relief that is plausible on its face."  Slater v. A.G. Edwards & Sons, Inc., 719 F.3d 1190, 1196 (10th Cir. 2013) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  A claim is facially plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  The court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Albers, 771 F.3d at 700.  The court's function is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to

---

[3] Renaissance and Mr. Ursic filed the first motion to dismiss (ECF No. 7), and once Ms. Avery was served with process, she filed her own motion to dismiss (ECF No. 14), which incorporated the first motion's arguments.  All the Defendants are represented by the same Utah Assistant Attorney General.

state a claim for which relief may be granted." Sutton v. Utah Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)).

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction take two forms: facial attacks and factual attacks. Laufer v. Looper, 22 F.4th 871, 875 (10th Cir. 2022). A facial attack challenges the sufficiency of the complaint, while a factual attack "presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 (10th Cir. 2010). Here, although the Defendants claim to make a factual attack on jurisdiction, their governmental-immunity claim is really a facial attack. As a result, the court must "accept the allegations in the complaint as true," Safe Streets All. v. Hickenlooper, 859 F.3d 865, 878 (10th Cir. 2017), and "apply a standard patterned on Rule 12(b)(6)." Garling v. EPA, 849 F.3d 1289, 1293 (10th Cir. 2017).

## ANALYSIS

Ms. Flink's complaint states six causes of action. Three are contested here. Her first claim is for wrongful termination in violation of public policy under the Utah Payment of Wages Act (UPWA), Utah Code Ann. § 34-28-1 et seq. Her second claim is for wrongful termination in violation of public policy under the common law. Her fourth claim is for termination in retaliation for exercising her First Amendment rights. The Defendants move to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6), and they also invoke Rule 12(b)(1) for the second claim. The court will discuss them in turn.

### I.    Utah Payment of Wages Act

Ms. Flink's first cause of action is an UPWA claim. UPWA sets wage-payment rules, including a rule that an employer may not "withhold or divert part of an employee's wages"

3

without approval.  Utah Code Ann. § 34-28-3(6).  Employers are also prohibited from retaliating against employees who file UPWA complaints.  § 34-28-19.  But UPWA does not apply to "the state, or to any county, incorporated city or town, or other political subdivision."  § 34-28-1.  School districts are political subdivisions.  E.g., § 63G-7-102(8).

Charter schools are "considered to be public schools."  § 53G-5-401(1)(a).  They can be authorized by the State Charter School Board, a local school board, or a state higher-education institution.  § 53G-5-205(1).  For tort liability purposes, charter school employees are public employees, and charter school governing boards are treated like local school boards.  § 53G-5-505(1).  Charter schools are charged with "establish[ing] new models of public schools."  § 53G-5-104(5).  The Utah State Legislature evidently intended for courts to treat charter schools like public schools.  As a result, UPWA does not apply to charter schools.

But Ms. Flink believed that UPWA applied to her employment with Renaissance.  (Opp'n at 5, ECF No. 15.)  She argues that this good-faith belief should allow her claim to continue, analogizing to the standard for Americans with Disabilities Act (ADA) retaliation claims.  See Selenke v. Med. Imaging of Colo., 248 F.3d 1249, 1264 (10th Cir. 2001).  But under the ADA, any good-faith belief must relate to whether the statute "has been violated," not whether the statute is even applicable to the employer.  See id.  In other words, a plaintiff's good-faith belief about the statute is only relevant for a statute that is already applicable to the employer.  Here, UPWA explicitly does not apply to any "political subdivision," which includes Renaissance and its employees.  Utah Code Ann. § 34-28-1.  Ms. Flink's good-faith belief alone cannot create a claim, so her UPWA claim must be dismissed.

/ / /

/ / /

4

## II.        Common-Law Wrongful Termination

Ms. Flink's second cause of action is a common-law claim for wrongful termination, though she partially bases this claim on UPWA.  The Defendants raise governmental immunity as a defense.  Unless otherwise waived, state governmental entities and their employees are immune from suit under the Governmental Immunity Act of Utah.  Utah Code Ann. §§ 63G-7-101(3); 63G-7-201(1).  Section 63G-7-301 lists several categories of claims for which the State waives its immunity.  Wrongful termination is not listed.  See Broadbent v. Bd. of Educ. of Cache Cnty. Sch. Dist., 910 P.2d 1274, 1277 (Utah Ct. App. 1996); Sanders v. Utah, 16 F. App'x 952, 955 (10th Cir. 2001) ("The State of Utah is also immune from liability for tort claims for wrongful discharge under the Utah Governmental Immunity Act.").  Because charter schools and their employees are treated like their public counterparts, § 53G-5-505(1), they fall within the Governmental Immunity Act's scope.  The Defendants are therefore immune from Ms. Flink's second cause of action, and this claim must be dismissed.[4]

## III.       First Amendment

Ms. Flink's fourth cause of action is a Section 1983 claim for termination in retaliation for exercising her First Amendment rights.  She argues that raising concerns about her wages is like "petition[ing] the Government for a redress of grievances."  U.S. Const. amend. I.  Not all public-employee speech is constitutionally protected.  Rather, "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern."  Garcetti v. Ceballos, 547 U.S. 410, 417 (2006).  In contrast, matters of private concern are not protected by the First Amendment.  Connick v. Myers, 461 U.S. 138, 147 (1983).

---

[4] Even if the Governmental Immunity Act did not apply, the court would still dismiss this claim.  Ms. Flink cites UPWA as establishing a "clear and substantial public policy" in favor of employee wage-related whistleblowing. (Compl. ¶ 41–42, ECF No. 2-1.)  As discussed earlier, the Defendants are not subject to UPWA, so it can hardly be said that UPWA reveals a strong public policy for charter schools and their employees.

This public-concern test applies when an employee engages in work-related verbal expression. See Leverington v. City of Colo. Springs, 643 F.3d 719, 725 (10th Cir. 2011) (citing Flanagan v. Munger, 890 F.2d 1557, 1562 (10th Cir. 1989)).  Ms. Flink's wage-related complaints were verbal expressions about work, so the public-concern test applies.

 The Defendants argue that Ms. Flink's speech was not about an issue of public concern. The court agrees.  "Matters of public concern are those of interest to the community, whether for social, political, or other reasons."  Leverington, 643 F.3d at 727 (quoting Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1205 (10th Cir. 2007)); see also City of San Diego v. Roe, 543 U.S. 77, 83–84 (2004) (describing public concern as "something that is a subject of legitimate news interest").  Matters that are "internal in scope and personal in nature," are not of public concern.  Bunger v. Univ. of Okla. Bd. of Regents, 95 F.3d 987, 992 (10th Cir. 1996).

 Ms. Flink's wages are a classic matter of private concern.  An employer underpaying one employee is not newsworthy—certainly not newsworthy "at the time of publication," that is, when Ms. Flink first raised the issue with Renaissance.  Roe, 543 U.S. at 84.  Instead, it is both "internal" (related to the employment relationship between Renaissance and Ms. Flink) and "personal" (only affecting Ms. Flink, not other teachers).  Because Ms. Flink's speech was not about a matter of public concern, it is unprotected by the First Amendment, and her fourth claim must be dismissed.

## CONCLUSION

 Based on the Utah Payment of Wages Act, the Governmental Immunity Act of Utah, and First Amendment caselaw, Ms. Flink has failed to state a claim upon which relief can be granted. The court therefore GRANTS the Defendants' partial motions to dismiss (ECF Nos. 7 & 14). Ms. Flink's first and second causes of action are DISMISSED WITH PREJUDICE, and her

fourth cause of action is DISMISSED WITHOUT PREJUDICE, but as to the wage dispute it is

DISMISSED WITH PREJUDICE.

      DATED this 2d day of March, 2022.

                       BY THE COURT:

                       TENA CAMPBELL
                       United States District Judge